## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TERRY W. BOWLIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-15-581-HE** |
| | ) | |
| **KAY COUNTY DETENTION** | ) | |
| **CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff Terry W. Bowlin filed this 42 U.S.C. § 1983 action in May 2015, identifying himself as a pro se litigant incarcerated at Kay County Detention Center in Newkirk, Oklahoma. This matter was referred to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In June 2015 and again in July 2015, Plaintiff was ordered to cure certain deficiencies in his complaint and to either pay the requisite filing fee or seek leave to proceed *in forma pauperis*. As of this date, Plaintiff has not attempted to comply with these orders of the Court. In light of Plaintiff's failure to prosecute his case and to comply with this Court's orders and applicable rules, the Court should dismiss this matter without prejudice.

I.      <u>Background</u>

Plaintiff filed his initial pleading, liberally construed as a § 1983 Complaint, on May 28, 2015. *See* Doc. No. 1. On June 8, 2015, the Court found the Complaint deficient in several respects, including that the pleading is largely illegible, does not appear on the Court's prescribed form or contain the equivalent information, fails to

separately identify the defendant(s), fails to state "a short and plain statement of the grounds for the court's jurisdiction," and does not include "a demand for the relief sought." *See* Order of June 8, 2015 (Doc. No. 5); Fed. R. Civ. P. 8(a); LCvR 5.2(a), 9.2(a), (b). In addition, Plaintiff had neither paid the required filing fee nor filed an application to proceed *in forma pauperis*. *See* LCvR 3.3(a)-(b); 28 U.S.C. § 1915(a)(1). The Court accordingly ordered Plaintiff to cure these deficiencies by submitting an amended complaint and either paying the $400 filing fee or filing an application seeking leave to proceed *in forma pauperis*, no later than July 8, 2015. Order of June 8, 2015. Plaintiff was advised: "Failure to comply with this Order may result in the dismissal of this action." Order of June 8, 2015, at 3.

Plaintiff did not thereafter submit either an amended complaint or his filing fee/*in forma pauperis* application to the Court. On July 17, 2015, the Court ordered that Plaintiff would have one final opportunity to cure the designated deficiencies and allowed Plaintiff until August 7, 2015, to do so. Order of July 17, 2015 (Doc. No. 8). Plaintiff was again advised that failure to comply could result in dismissal of his lawsuit. Order of July 17, 2015, at 3.

This second Order, along with the appropriate forms, was sent to Plaintiff at the Kay County Detention Center, which is his last known address. *See* LCvR 5.4(a); *cf.* Fed. R. Civ. P. 5(b)(2)(C). That facility returned the mailing to the Court with the notation, "Gone." Doc. Nos. 9, 9-1, 9-2. To date, Plaintiff has not filed a change of address form or otherwise informed the Court of his new address. *See* LCvR 5.4(a).

II.     Plaintiff's Failure to Prosecute and to Comply with the Court's Orders

As of the present date, Plaintiff has submitted no further filings to the Court, and no payments have been submitted to the Clerk of Court either by Plaintiff or on Plaintiff's behalf.  Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action.  Fed. R. Civ. P. 41(b).  The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)).  If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order.  *AdvantEdge Bus. Grp.*, 552 F.3d at 1236; *accord Robledo-Valdez v. Smelser*, 593 F. App'x 771, 774-75 (10th Cir. 2014).

Local Civil Rule 5.4(a) requires any litigant to promptly notify the Court whenever his or her address changes during the pendency of the litigation.  This requirement is especially important when a litigant is released from custody during the pendency of litigation because of the special requirements applicable to consideration of *in forma pauperis* status for prisoners.  *See* 28 U.S.C. §§ 1915(a)(2), (b)(1); LCvR 3.3(b)-(c).  Although Plaintiff is representing himself in this case, he is obligated by Local Civil Rule 5.4(a) to notify the Court of any change in his mailing address, *see Davis v. Kan.*

*Dep't of Corr.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007), which he has failed to do. This failure has left the Court unable to communicate with Plaintiff regarding this lawsuit, to collect any of the $400.00 filing fee owed by Plaintiff, or to evaluate Plaintiff's current ability to pay this fee.

As a result of Plaintiff's failure to comply with the Court's orders and to prosecute his action, the Court is unable "to achieve an orderly and expeditious" resolution of this action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative). Plaintiff has been provided ample notice of the possibility of dismissal. Any additional notice would be futile given that the Court's latest effort to contact Plaintiff has not been, and will not be, received by Plaintiff. Accordingly, the undersigned recommends that the Court dismiss this action without prejudice to refiling. *See, e.g., Thornton v. Estep*, 209 F. App'x 755, 757 (10th Cir. 2006); *Lauman v. Corr. Healthcare Mgmt. of Okla., Inc.*, No. CIV-08-137-D, 2008 WL 4147566, at *1-2 (W.D. Okla. Sept. 2, 2008).

III.     Recommendation and Notice of Right to Object

For the reasons set forth above, the undersigned recommends dismissal of this action without prejudice. The Court Clerk is directed to send a copy of this Report and Recommendation to Plaintiff's last known address.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by September 21, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate

review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 31st day of August, 2015.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE